***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for modifications regarding the permanent partial disability rating.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. An employment relationship existed between plaintiff and employer-defendant on January 4, 2002.
5. Plaintiff's average weekly wage was $6,126.54.
6. Plaintiff's workers' compensation rate of pay is $654.00.
7. Plaintiff was injured by accident within the course and scope of his employment on January 4, 2002.
8. The sole issue is to what permanent partial disability rating is plaintiff entitled.
9. Medical records, two Forms 25R, Forms 18, 19, 60 and 33 are admitted into evidence.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a medical doctor licensed to practice medicine in the state of North Carolina since 1975. Plaintiff's area of practice is in family practice with an emphasis in geriatrics and he practices at New Hanover Medical Group in Wilmington.
2. Plaintiff sustained an admittedly compensable injury to his right fourth finger when he slipped on ice in the parking lot at work on January 4, 2002. Plaintiff sustained a dislocation of the proximal interphalangeal (hereinafter PIP) joint of the fourth finger on his dominant right hand. He reset the dislocation himself.
3. Thereafter, on January 9, 2002 plaintiff began treatment with Jeffrey S. Church, MD whose specialty is plastic surgery, reconstructive surgery and hand surgery. Plaintiff had swelling along the radial side of the PIP joint, pain with motion, and difficulty with flexion. Dr. Church concluded that the lateral instability indicated that the joint capsule on the radial side was disrupted by the fall. Further, x-rays revealed a small lateral chip fracture phalanx which did not involve the joint. Plaintiff was splinted and prescribed physical therapy.
4. Plaintiff's symptoms improved though he continues to have pain, swelling and ulnar deviation at the PIP joint. Dr. Church stated that plaintiff has zero degrees versus minus five to minus ten degrees of extension and one hundred degrees versus one hundred twenty degrees of flexion, for the interphalangeal joint, which is considered less than normal.
5. Dr. Church stated that as a result of the fall plaintiff suffered strength loss in his fourth and fifth fingers and also suffered ulnar deviation, which means that the finger is deviated at the knuckle toward the fifth finger.
6. Dr. Church eventually rated plaintiff as having 39 percent permanent partial disability impairment of the right fourth finger using the American Medical Association (hereinafter AMA) Guidelines based on flexion and extension, ulnar deviation and strength loss. He also stated that he could not transfer the AMA Guideline rating to one that would be under the North Carolina Industrial Commission Guidelines and he preferred the specificity of the AMA guidelines.
7. Dr. Barbara McDonald is board certified in physical medicine and rehabilitation and specializes in treating patients with disabilities. Plaintiff presented to Dr. McDonald with significant discomfort in his finger; unable to shake hands, difficulty gripping the steering wheel; unable to use his hands to cook or anything that required a firm grip, difficulty in using yard tools and difficulty in performing pelvic and rectal examinations on his patients at his practice.
8. Dr. McDonald required plaintiff to be evaluated by an Occupational Therapist where plaintiff underwent a series of grip tests. Based upon those results and Dr. McDonald's examinations, she rated plaintiff as having a 100 percent permanent partial disability rating of his right fourth finger using the North Carolina Industrial Commission Guidelines. Dr. McDonald determined plaintiff's disability under these guidelines at Page 4, "Upper Extremities: Section A., Subsection 1., Subsection d. Ankylosis of the joint in malposition equates to a rating of up to one hundred percent of digit." However, all three evaluating doctors, including Dr. McDonald, found plaintiff not to have ankylosis.
9. Plaintiff was also evaluated for a second opinion by Dr. Richard S. Moore, who is an orthopaedic surgeon with a specialty in hand surgery. Plaintiff presented to Dr. Moore with a history of slipping on ice suffering a dorsal dislocation of the ring finger at the PIP joint. Plaintiff had complaints of persistent pain in the digit with limitation of function, weakness and swelling and pain in the digit which limited him at work. On exam, plaintiff had a swollen right PIP joint of his right fourth finger, ulnar deviation through the PIP joint, with a limitation of composite flexion, and essentially full extension. Dr. Moore rated plaintiff as having a 50 percent permanent partial impairment of the right fourth finger.
10. Dr. Moore based his rating upon the North Carolina Industrial Commission Guidelines. While agreeing that `ankylosis' is a freezing of a joint or a fusion, a condition which plaintiff does not have, and that `ankylosis' and `limited motion with pain' were not the same, Dr. Moore stated nevertheless that he used "Upper Extremities: Section A., Subsection 1., Subsection b. Ankylosis of the PIP joint in an optimum position is 50 percent of the digit." By way of explanation, Dr. Moore concluded that ankylosis of a PIP joint that is functional and painless is better than a range of motion in a digit that is unstable and painful.
11. Plaintiff does not have ankylosis. Rather, the Commission finds that plaintiff has limited motion with pain. Dr. Church's rating of 39% of the fourth finger using the AMA guidelines appears to be the most reasonable and accurate method of rating considering the North Carolina Industrial Commission guidelines do not address the condition which plaintiff has and the AMA guidelines do specifically address this condition.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's permanent partial disability impairment rating is 39 percent of the fourth finger and he is entitled to 7.8 weeks of permanent partial disability compensation at a weekly rate of $654.00, the maximum compensation rate allowed by law for injuries occurring in the year 2002.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorneys fees hereinafter awarded Defendants shall pay to Plaintiff compensation at the rate of $654.00 per week for 7.8 weeks. Such amount having accrued shall be paid in a lump sum.
2. Defendants shall pay the costs.
This the ___ day of January 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DCS/mb